IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **Michael R. Ray** | § | |
| | § | |
| **Plaintiff,** | § | CASE NUMBER 3:07-CV-1114-R |
| | § | |
| **v.** | § | |
| | § | |
| **Experian,** *et al.* | § | |
| | § | |
| **Defendants.** | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Branch Banking and Trust Company's **MOTION TO DISMISS** pursuant to Federal Rule of Civil Procedure 12(b)(2) (filed October 1, 2007) (Dkt. 23). After careful consideration of all parties' submissions and the law applicable to the issues before the Court, the Court GRANTS the Motion to Dismiss.

## **I. BACKGROUND**

Plaintiff Michael R. Ray, a South Carolina resident, filed suit against Branch Banking and Trust Company (BB&T) for alleged violations of the Fair Credit Reporting Act, 18 U.S.C. §1681, et seq. (FCRA). BB&T is a bank authorized to do business in South Carolina with its headquarters in North Carolina.

Sometime in 1999, Ray defaulted on a BB&T credit card account. Thereafter, in November 2002, Ray received a Chapter 7 bankruptcy discharge, fully discharging the BB&T account. Approximately seven years later, Ray discovered that the account was still being reported through the Experian Credit Bureau although the BB&T account should have been deleted from his credit

report pursuant to 15 U.S.C.A. § 1681c(a)(4). Additionally, the account inaccurately stated that the date of last activity was June 2002 instead of sometime in 1999, the last alleged date of activity. Despite numerous complaints and correspondence between Ray, Experian, and BB&T, the account remained inaccurately reported.

On June 21, 2007, Ray filed suit against BB&T, among other defendants, alleging violations of the FCRA. Specifically, Plaintiff claims that BB&T was negligent and failed to conduct a lawful investigation. Ray seeks punitive damages for negligence and defamation pursuant to 18 U.S.C. §1681o. BB&T filed a Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) arguing that Ray's Complaint does not allege that any facts occurred in Texas. BB&T asserts that jurisdiction is only appropriate in either South Carolina where the Plaintiff resides, or North Carolina where BB&T is headquartered.

## II. ANALYSIS

Plaintiff, a South Carolina resident, contends that this court should exercise personal jurisdiction over BB&T, a South Carolina corporation, in this action because: (1) having customers in Texas subjects BB&T to general jurisdiction; and (2) electronically communicating with Experian's computer servers in Texas subjects BB&T to specific jurisdiction. BB&T claims it has had no contacts with Texas and therefore is not amenable to jurisdiction in Texas. The Court grants BB&T's Motion to Dismiss as none of the alleged events occurred in or arise out of Texas.

### A. Rule 12(b)(2) Standard

Defendants move for dismissal pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Rule 12(b)(2) authorizes a motion to dismiss based on the defense that a court lacks

jurisdiction over the person of the defendant. "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Wilson v. Bolin*, 20 F.3d 644, 648 (5th Cir.1994) (citing *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985)).

Ordinarily, federal courts do not have nationwide personal jurisdiction. In fact, a federal court has no broader power over persons outside the state in which they sit than do the local state courts. *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 109-11 (1987). Therefore, a federal court cannot assert jurisdiction over defendants who lack sufficient "contacts" with the forum state to be sued in state courts.

To establish personal jurisdiction over a nonresident defendant served out of state (i) the nonresident must be amenable to service of process under the forum state's long arm statute, and (ii) the assertion of jurisdiction must be consistent with federal guarantees of due process. *D.J. Inv., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 544-45 (5th Cir.1985). Because the Texas Supreme Court has held that the state's Long Arm Statute extends to the limits of due process, the Court need only address Plaintiff's burden under federal due process. Tex.Civ.Prac. & Rem.Code §§ 17.041-17.069 (Vernon 1994); *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex.1990).

The United States Constitution allows jurisdiction over a nonresident defendant if (i) the nonresident defendant has purposefully established "minimum contacts" with the forum state, and (ii) the exercise of jurisdiction comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). An essential goal of the federal due process test is to protect a nonresident defendant. *See World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286 (1980).

Under the minimum contacts analysis, it must be determined whether the nonresident defendant has purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Burger King*, 471 U.S. at 475. Those activities, whether they consist of direct acts within the forum or conduct outside the forum, must justify a conclusion that the defendant should reasonably anticipate being haled into court there. *World-Wide Volkswagon*, 444 U.S. at 297. This "purposeful availment" requirement ensures that a defendant will not be called into a jurisdiction based solely upon attenuated contacts or the unilateral activity of another party or a third person. *Burger King*, 471 U.S. at 475.

The minimum contacts analysis has been further developed into specific and general jurisdiction. When specific jurisdiction is asserted, the cause of action must arise out of or relate to the nonresident defendant's contact with the forum state in order to satisfy the minimum contacts requirement. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408 (1984). This analysis focuses on the relationship among the defendant, the forum, and litigation. *Id.* When general jurisdiction is asserted, the defendant's activities in the forum must be continuing and systematic. *Id*. at 414.

Finally, once the Court concludes that the nonresident defendant purposefully established minimum contacts with the forum state, it must be determined whether maintenance of the suit comports with "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316.

When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction. *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir.2003); *Felch v. Transportes Lar-Mex S.A. de C.V.*, 92 F.3d 320, 326 (5th Cir.1996). When ruling on the motion, the court must

accept the plaintiff's allegations as true and resolve all factual disputes in its favor. *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 625 (5th Cir.1999). "[T]he court may consider the contents of the record before [it] ... including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.' " *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 344 (5th Cir.2002) (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir.1985)).

**B.     BB&T is not subject to general jurisdiction in Texas**

Plaintiff has failed to allege any facts or events that would subject BB&T to general jurisdiction in Texas. General jurisdiction exists when the cause of action is unrelated to the defendant's contacts but the defendant has engaged in "continuous and systematic" activities within the forum state. *Helicopeteros*, 466 U.S. at 414-16. Here, Ray has alleged only that the existence of BB&T customers in Texas is sufficient for this Court to maintain jurisdiction. However, although having customers in Texas may constitute an act of doing business *with* Texas, BB&T has no "continuous and systematic" contacts which constitute doing business *in* Texas. *See Access Telecom, Inc. v. MCI Telecomm. Corp.*, 1197 F.3d. 694, 717 (5th Cir. 1999); s*ee also Revell v. Lidov*, 317 F.3d 467, 471 n.19 (5th Cir. 2002)("[E]ngaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders.") (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000)). BB&T is not registered to do business in Texas, does not maintain any offices or employees in Texas, and does not own property in Texas. *See e.g., Asarco, Inc. v. Glenara*, *Ltd.*, 912 F.2d at 784, 787 (5th Cir. 1990). Therefore, Plaintiff has failed to meet his burden of pleading facts that would support general jurisdiction, and this court does not have general jurisdiction over Defendant BB&T.

**C.     BB&T is not subject to specific jurisdiction in Texas**

Plaintiff has failed to allege any facts or events that would subject BB&T to specific jurisdiction in Texas. Specific jurisdiction exists when the defendant's contacts with the forum state arise from or are directly related to the plaintiff's cause of action. *Helicopteros,* 466 U.S. at 414 n.8. Further, the defendant's actions must be "purposely directed" at the state. *Burger King*, 471 U.S. at 475-76. Here, Ray has alleged that BB&T's electronic communication with Experian's computer servers in Texas concerning Ray's credit report subjects BB&T to specific jurisdiction. However, accessing or sending data in North Carolina to or from a database which happens to be headquartered in Texas is not a *purposeful* availment by BB&T of the benefits and protections of Texas' laws. *Burger King Corp.*, 471 U.S. at 477-78; *see also, Laughlin v. Perot*, 1997 WL 135676 at *7-6 (N.D.Tex., March 12, 1997) (finding that a foreign corporation electronically accessing a consumer report in Texas could not give rise to jurisdiction in Texas). Plaintiff has failed to meet his burden to allege facts that support specific jurisdiction.

### III. CONCLUSION

Plaintiff has produced no evidence that BB&T is subject to jurisdiction in this court. Therefore, the Court need not address whether jurisdiction in Texas would comport with the notions of fair play and substantial justice. For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss pursuant to 12(b)(2) on all claims. Defendant Branch Banking and Trust, Co. is hereby DISMISSED from this action.

**It is so ORDERED.**

**SIGNED this 30th day of November, 2007**.

_____
**JERRY BUCHMEYER
SENIOR UNITED STATES DISTRICT JUDGE**